[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR POST JUDGMENT STAY
The plaintiff seeks a stay of proceedings as to the prior court judgment denying injunctive relief and a declaration that § 61-11 of the Rules of Appellate Procedure applies to his case. The court denies this relief.
Section 61-11 of the Rules of Appellate Practice provides in pertinent part that "proceedings to enforce or carry out the judgment, . . . if an appeal is filed, shall be stayed until the final determination of the case; and if the case goes to judgment on appeal, until ten days after the decision is officially released." There was a judgment in this case made after a full hearing to deny the injunctive relief sought against the administrative agency, the object of which was to prevent the agency from hearing three complaints against the plaintiff unless it was reconstituted with non ADA members. Since the relief the CT Page 15026 plaintiff sought in the civil proceeding was denied, there is nothing to be stayed. This section of the Rules of Practice is intended to stay the judgment a trial court ordering a defendant to pay some amount of damages or to do some act or refrain from doing some act.
Alternatively, the plaintiff invokes § 61-12 of the Rules of Appellate Procedure. That provides that in noncriminal matters where provisions of § 61-11 are inapplicable and in which there are no statutory stay provisions, a motion to stay may be addressed to the trial judge. The court denies relief requested under this section. After careful consideration of the evidence at trial, the court denied injunctive relief. The result of that denial was that the administrative proceedings before the State Dental Commission were free to continue. To now enter an order staying the proceedings before the very administrative agency which the court previously ruled should not be enjoined from holding them would be both anomalous and improvident.
The plaintiff was permitted a full hearing before the court over the objection of the defendants and given a reasonable opportunity to plumb bias or prejudice which would render a hearing before the State Dental Commission futile. That opportunity did not extend to questions which would effectively ask the hearing panel members how they might decide the case before evidence was presented and prior to their hearing of it, nor, in the court's opinion, should it have done so. As with a juror's voir dire, the inquiry was properly limited to questions not immediately related to the ultimate issue involved in the underlying case.
Furthermore, the plaintiff has not made a strong showing that he will prevail in his administrative appeal. He may prevail before the Commission making an appeal moot. He has not shown that the Commission itself has already made up its mind to rule against him as to adjudicative facts. There is no reasonable basis to conclude that the State Dental Commission has already determined to impose discipline or has already decided that the plaintiff performed unnecessary or harmful procedures or advised them. Those are the adjudicative facts. It is true that two members voted to adopt an American Dental Association position on removal of mercury amalgam fillings not all of which is at variance with the plaintiff's belief about how to deal with the dangers of this type of mercury laden material to the human body. The court has addressed that issue in its prior opinion and will CT Page 15027 not do so again here. This court does not find absence of all opinions on the part of the two dentist members to be the sine qua non. The plaintiff was required to show more than that dentist commission members had general notions of what is acceptable practice in the learned profession in which they practice. He had to show futility in proceeding before the administrative body. Members of administrative bodies need not come to their duties in a mental vacuum. Additionally, the adjudicative facts relate to whether or not removals of amalgam were advised or done by Dr. Breiner at a stage of illness where they could not be dentally or medically justified either because of the nature of the illness suffered or terminal stage of each of the patients involved.
The plaintiff has not shown irreparable injury will be suffered by proceeding before the Commission.
Finally, in light of these findings, the public interest must be weighed in balancing the equities. It militates in favor of letting the matter proceed administratively before the tribunal as the court has already decided.
The motion is denied.
Flynn, J.